COBB, Judge.
The issue on this appeal is whether the trial court erred in dismissing the former husband’s petition for a modification of alimony on the ground that it did not allege a change of circumstances.
*1068 The petition, filed on January 8, 1993, reads as follows:
Former Husband, ROY LEE JONES, sues Former Wife, PATRICIA TYLER JONES, and alleges:
1. This is an action to modify a Final Judgment of Dissolution of Marriage.
2. This Court entered a Final Judgment of Dissolution of Marriage of the parties on May 13, 1991.
3. Among other things, the Final Judgment of Dissolution of Marriage awarded alimony to the Former Wife in the amount of $2,000.00 per month, beginning thirty (30) days after the closing on the sale of the former marital residence. That closing occurred on December 15, 1992.
4. Since the entry of the Final Judgment of Dissolution of Marriage, a change of circumstances has occurred in that the Final Judgment of Dissolution of Marriage award was based on annual income for the Former Husband of $150,000.00 per year. The Former Husband is permanently disabled and draws less than $7,000.00 per month ($84,000.00 annually) gross income from disability insurance. That is less than 56% of the gross income upon which the award of alimony was based.
5. The Former Husband is able to pay only $1,100.00 per month alimony.
WHEREFORE, the Former Husband requests an Order modifying the Final Judgment of Dissolution of Marriage by decreasing the amount of alimony to $1,100.00 per month.
In response to the foregoing petition the former wife filed a motion to dismiss asserting that the former husband had alleged no substantial change in his circumstances which was not contemplated in the final judgment, and that “the former husband admits in his pleadings that his financial circumstances have not changed since the entry of the final judgment.” As indicated above, the trial court agreed with the former wife and dismissed the petition.
The final judgment of dissolution entered by the trial court in May of 1991 is verbose and ambiguous in its treatment of the alimony award to the wife. The operative language thereof reads:
Husband’s health is an enigma. He claimed back problems and remained standing throughout the entire trial. He has had back surgery for a “slipped disc” and alleges that additional surgery is required. No formal medical evidence was presented. He claims severe pain and difficulty and his work prospect has diminished. Notwithstanding, he participated in a golf tournament after his first episode and has driven long distances to see his grandmother in North Carolina. As a result of his claimed back problem, the husband has converted his earnings to a “disability” payment through his company and currently draws $6,900.00 per month with a net of $5,750.00 after taxes. He has not yet filed 1989 income taxes and claims a $3,500.00 refund is pending. Wife argues that the husband is “riding” out the divorce with the hope of reducing his financial impact post judgment.
However, due to the current financial situation, this will have little effect on the result. The husband should be returning at some point to his “pre injury” status with CIGNA as he is considered a “brain” with unusual ability to produce results, clients, income and commissions. He should be and has been in the range of earnings exceeding $150,000.00. He earned $165,000.00 in 1988, but this included relocation expenses reimbursed, which he claims to be around $45,000.00. In going over the return, it is more like around $20,000.00. Thus, the Court concludes earnings averaging $150,000.00 (pre injury).
[[Image here]]
13. In connection with permanent alimony to the wife, the Court concludes that the wife is entitled to permanent alimony. However, the amount is dependent upon the sale of the home since the husband is required to make the payments on said home and retire the debt pending its sale. The Court declines to attempt to award some sort of uneven distribution on the house sale in the form of lump sum alimony. Both parties will share equally in the *1069 proceeds, with some adjustment mentioned. The Court agrees with counsel for wife’s argument that $2,000.00 per month alimony after the house sale is reasonable and need not be a part of a supplemental proceeding. The husband’s reduction in income is somewhat self-imposed because he elected disability payments as opposed to continue to work in the “office and desk” environment which would be the same as he has done in the past, and under which he is fully capable of doing in the future.
Therefore, the wife need not return to Court for such consideration as modification is not required. Thus, the alimony payment will commence to accrue thirty (80) days after disbursement of the sale of the home, and continue until the remarriage of the wife.
The foregoing language of the final judgment appears to find that the husband’s claimed disability was unpersuasive to the court; that it did not prevent the husband from working and earning his pre-injury income, which the court found to be $150,-000.00 annually; and that the court awarded the wife $2,000.00 per month alimony. If the $150,000.00 imputed income is the basis for the alimony award, then the petition for modification clearly states a cause of action because it alleges that the husband’s disability at this time precludes him from actively working and confines him to the disability income, a difference of some $66,000.00 in annual income, which would constitute a substantial change.
The fact that the petition does not specify whether the current injury status of the husband is the consequence of a natural deterioration since the 1991 judgment or of an intervening trauma is not fatal to the pleading, which sets forth the requisite ultimate facts. The specifics are a matter of proof for the evidentiary hearing, which the trial court should have granted.
If, in fact, the final judgment was not intended to impute annual income of $150,-000.00 to the husband and did not intend to base the monthly alimony award on that figure, as it seemingly does, then clarification of that judgment is in order.[1] In light of the present wording of that judgment, the trial court’s order dismissing the petition for modification is reversed and this cause is remanded for an evidentiary hearing.
REVERSED AND REMANDED.
DAUKSCH and GRIFFIN, JJ., concur.

. If clarification is required, then it is suggested that reference of this case to the original trial judge may facilitate its disposition.